THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANAS-
TASIO NIEVES RODRÍGUEZ, Defendant and Appellant.

No. 11357. Argued April 10, 1946.—Decided April 25, 1946.

José Rafael Gelpí and Baltazar Quiñones Elías for appellant.. *Luis
Negrón Fernández*, Acting Attorney General, and *J. Correa Suá-
rez*, Assistant Prosecuting Attorney *(Fiscal Auxiliar)*, for appel-
lee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The appellant was convicted on a charge of embezzlement.
As a sole ground of appeal, he urges that the information does
not state a public offense and that the court *a quo* erred in
failing to so hold.

The information in its pertinent part reads as follows:

"The said defendant, . . . , did unlawfully, wilfully, maliciously,
and fraudulently, while holding the position of *sales agent* of
Guillermo J. Kearney, *appropriate and use for his own benefit* and
for purposes other than those pertaining to the proper discharge
of his position as such sales agent, *the sum of three thousand nine
hundred and twenty dollars which he received, on behalf of Gui-
llermo J. Kearney, in payment for the sale of 870 hundredweight
of sugar* belonging to said Guillermo J. Kearney, thereby defrauding
the said Guillermo J. Kearney of the above-mentioned sum of three
thousand nine hundred and twenty dollars." (Italics ours.)

The offense with which the appellant was charged is defined by the Penal Code, thus:

"§ 445.—*Embezzlement Defined.*—Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted."

The appellant urges that the information is insufficient to charge the crime of embezzlement, inasmuch as it fails to allege an essential element of said crime, to wit, "that the money alleged to have been improperly used had been intrusted to the accused." In support of his contention he cites the decision of this court in *People* v. *Saavedra,* 42 P.R. R. 352.

In the cited case it was alleged that the accused had acted as agent and bailee of a certain sum belonging to the Saavedra spouses; that the obligations of the accused required him to deposit, keep, and disburse said money subject to the order and under the direction of said spouses; and, lastly, that the accused had appropriated a part of the money for his own benefit. The judgment was reversed. This court reached the conclusion that the information was insufficient, "since it does not state who deposited the money with him, whether is was that married couple or somebody else, because although it avers that the money belonged to said spouses, it fails to state that they had delivered it to him to be kept at their disposal, or to specify who had handed the money to him to be kept at the disposal of said spouses. The fiduciary relation between a person and the defendant must clearly appear from the information. It must be stated who handed the money to the accused." We see, therefore, that the fundamental reason which this court had for considering the information as insufficient was that it did not appear from the latter who was the person who had put his trust in the accused.

The decisions hold that the distinctive and essential element of the crime of embezzlement is that the property came

into the possession of the person who appropriates it because of the trust put by another person in him, and therefore such fiduciary relation should clearly appear from the information, although the particulars of the relation need not be stated. 9 R.C.L. 1288. The allegation made in the case of Saavedra that the latter "had acted as agent and bailee" of a certain sum, was insufficient to establish any fiduciary relation between Saavedra and another person who might have intrusted the money to him; and it was not inconsistent with the fact that Saavedra might have constituted himself into a depositary of the money in order to deliver it later to a third person.

In our judgment, the information in the case at bar complies with the essential requisities of the statute and is in accord with the rule applied in the *Saavedra* case. In the first place, it alleges that the accused held the position of sales agent of Mr. Kearney. This, we think, is a sufficient allegation of the existence of a fiduciary relation between Kearney, as principal, and the defendant, as agent of Kearney for the sale of sugar. In the second place, it alleges that while holding said position of sales agent, the accused appropriated the sum of $3,920 which he has received as payment of the selling price of 870 hundredweight of sugar belonging to Kearney. From those allegations it clearly appears that it was Kearney who put his trust in the accused when he delivered the sugar to the latter for him to sell it and to hand to the former the proceeds of the sale after receiving it from the purchaser.

The information complained of was sufficient to inform the defendant of the nature of the offense charged against him.

The judgment appealed from should be affirmed.